

ENTERED
02/12/2019

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| KENNETH RAY HENRY, | § | Case No. 17-36854 |
| | § | |
| Debtor. | § | Chapter 13 |
| | § | |

<u>**ORDER AND MEMORANDUM OPINION REGARDING DEBTOR'S REQUEST FOR EXPUNGEMENT**</u>
[This Order Relates to Doc. Nos. 18, 19]

### I. BACKGROUND

On December 26, 2017, Kenneth Ray Henry (the "<u>Debtor</u>") filed a Chapter 13 petition, representing himself *pro se*. [Doc. No. 1]. On January 10, 2018, the Debtor filed an emergency motion requesting that his Chapter 13 case be dismissed, as he had been conditionally approved for a loan and he "no longer need[ed] to file bankruptcy." [Doc. No. 11]. On January 12, 2018, the Court granted the Debtor's motion to dismiss his Chapter 13 case.[1] [Doc. No. 12]. On January 10, 2019, the Debtor filed a letter/motion requesting the Court to "expunge" his Chapter 13 case because the Chapter 13 case was allegedly a result of fraud. [Doc. No. 18]. On January 24, 2019, the Debtor filed a letter/motion titled "Request for an Emergency Hearing" in which the Debtor once again requests the Court to "expunge" his Chapter 13 case because the Chapter 13 case was allegedly a result of fraud (hereinafter the two letter/motions are collectively referred to as the "<u>Motion</u>"). [Doc. No. 19].

On February 7, 2019, the Court held a hearing on the Motion (the "<u>Hearing</u>"). The Debtor appeared, representing himself *pro se*, and the Court heard testimony from the Debtor; no exhibits were introduced. The Debtor testified that in approximately January of 2016, he sought

---

[1] Bankruptcy Judge Karen K. Brown was assigned to the above case at that time. Judge Brown subsequently retired and therefore the undersigned judge was assigned to this case when the Debtor recently filed pleadings.

1

loan modification assistance from an entity called "Westwood Legal Group." The Debtor testified that Westwood Legal Group advised him to file for bankruptcy in order to stop a scheduled foreclosure on his home, and the Debtor did in fact file for bankruptcy. The Debtor further testified that Westwood Legal Group turned out to be a scam, and he ended up losing his house. He further testified that he wants the Court to expunge this bankruptcy case so that he can obtain a loan to purchase a new house; according to the Debtor, he cannot obtain a loan because of the existence of this Chapter 13 case.

## II.   CREDIBILITY OF THE DEBTOR

While the Court found the Debtor to be a credible witness to some extent, there was at least a portion of the Debtor's testimony that the Court finds to be not credible. Specifically, the Debtor testified that after he learned from a friend that his bankruptcy filing "goes on his record" and that he "cannot get it off," he filed the January 10, 2018, motion to dismiss. However, in the January 10, 2018, motion to dismiss, the Debtor stated his reason for wanting to dismiss his case as the following: "I've been approved for a loan conditionally and I no longer need to file bankruptcy. This is an emergency request in order to get the loans!" The testimony the Debtor gave at the Hearing regarding why he filed the January 10, 2018, motion to dismiss simply does not align with the reason stated in the January 10, 2018, motion to dismiss; thus, the Court finds the Debtor to not be credible in this regard and only gives some weight to his testimony overall.

## III.   COURT'S RULING

This Court will deny the Motion. First, the Debtor admitted he signed and filed the petition initiating his Chapter 13 case himself. Courts that have considered whether a debtor's bankruptcy may be expunged have found that where the debtor knowingly filed the bankruptcy petition, expungement of the case was not appropriate. *See In re Buppelmann*, 269 B.R. 341,

343 (Bankr. M.D. Pa. 2001); *In re Khan*, No. 11-57609-BB, 2013 WL 6645436, at *2 (B.A.P. 9th Cir. Dec. 17, 2013); *In re Scholz*, No. 01-02555, 2010 WL 1257826, at *1 (Bankr. D.C. Mar. 26, 2010); *In re Whitener*, 57 B.R. 707, 709–10 (Bankr. E.D. Va. 1986); *In re Frederick*, No. 09-06845-8-SWH, 2016 WL 597201, at *2 (E.D.N.C. Feb. 12, 2016); *In re Joyce*, 399 B.R. 382, 387 (Bankr. D. Del. 2009); *In re Duque*, No. 8:16-bk-00969-CPM, 2016 WL 4239608, at *1 (Bankr. M.D. Fla. Aug. 8, 2016). That is the case here. The Debtor testified that he is the one who signed the petition initiating his Chapter 13 case and he is the one who filed the petition initiating his Chapter 13 case. Even though the Debtor alleges he was defrauded by Westwood Legal Group, this allegation—even if it were true—does not demand the extreme remedy of expungement, as the Debtor voluntarily filed for bankruptcy. As the court in *In re Wayt* aptly stated:

> Lenders are entitled to inquire whether the debtor ever filed a prior bankruptcy case if they fear that is a sign that the debtor is a poor credit risk. Nothing in the Bankruptcy Code suggests that the court should expunge a bankruptcy filing so that lenders are deprived of that information (unless the filing was a fraudulent filing, one not authorized by the debtor). The debtor knowingly commenced this case, and, unfortunately, despite the court's sympathy for her plight, must suffer the consequence of a poor credit record arising from the filing.

No. 05-01133, 2008 Bankr. LEXIS 649, at *2-3 (Bankr. D.D.C. Mar. 13, 2008). It is possible that the Debtor may have been defrauded and may have a malpractice action against the Westwood Legal Group, but those facts do not mean that the Debtor's bankruptcy may be expunged, for the Debtor is the one who made the decision to file and is the one who obtained the benefit of the automatic stay.

Second, the sanctity of public records is another reason to deny the Debtor's request to expunge. Expungement is "an extraordinary remedy that is granted with the 'greatest of prudence by bankruptcy judges.'" *In re Joyce*, 399 B.R. at 386 (quoting *In re Buppelmann*, 269

3

B.R. at 341). As noted above, the Debtor has indicated that the Westwood Legal Group is under investigation and it is conceivable that the Debtor's bankruptcy case may be used as evidence in a criminal case brought against Westwood Legal Group. If the Debtor's bankruptcy case was expunged, however, then that evidence would be destroyed. This Court will not allow potential evidence to be destroyed.

Third, if this Court allowed expungement in this case, then it would be opening the floodgates to any debtor who voluntarily files for bankruptcy but then whose case does not proceed at the debtor wishes. The Debtor argues that 11 U.S.C. § 105 allows this Court to expunge his Chapter 13 case. While it is true that § 105(a) confers considerable discretion on a bankruptcy judge in order to carry out the provisions of the Bankruptcy Code, it is also true that § 105 is not "a roving commission to do equity." *United States v. Sutton*, 786 F.2d 1305, 1308 (5th Cir. 1986). It is also true that—in the appropriate circumstances—some courts have fashioned equitable remedies short of expungement. For example, in *In re Dick*, after the court found that the debtor was the victim of identity theft—that is, another person filed a bankruptcy petition naming the debtor without the debtor's knowledge or permission—the court made a finding that the filing of the bankruptcy case was made fraudulently and instructed the Clerk of Court to "flag" the case as an "unauthorized bankruptcy filing." No. 05-80347-BJH-13, 2006 WL 6544157, at *3–5 (Bankr. N.D. Tex. May 19, 2006). Similarly, in *In re Buppleman*, after the court found that although the debtors signed the bankruptcy petition, they explicitly indicated to their attorney that he was not authorized to file the bankruptcy petition, the court chose to adopt a procedure indicating that the original filing occurred as a result of fraud committed by a party other than the debtors. 269 B.R. at 343. This Court declines to fashion any alternative remedies

short of expungement because it does not believe that the Debtor has met his burden in convincing this Court that his bankruptcy case was filed fraudulently.[2]

Finally, the Debtor has not met his burden in showing that his case should be expunged pursuant to 11 U.S.C. §§ 107(b)(2) or (c)(1). Section 107(b)(2) provides, in relevant part, that "[o]n request of a party in interest, the bankruptcy court shall . . . protect a person with respect to scandalous or defamatory matter contained in a paper filed" in a bankruptcy case." Section 107(c)(1) provides:

> (c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
> (A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
> (B) Other information contained in a paper described in subparagraph (A).

The Debtor testified that the existence of his Chapter 13 case is defaming him because "it is on his public record" and no one will give him credit. This testimony fails to convince this Court that the Debtor has been defamed or is at risk of identity theft. Thus, for all of the above reasons, the Court finds that the Motion should be denied. Accordingly, it is:

ORDERED that the Motion is DENIED.

Signed on this 12th day of February, 2019.

Jeff Bohm
United States Bankruptcy Judge

---

[2] The Court notes that the Debtor has testified that Westwood Legal Group is under investigation, but has not yet been found guilty of any crimes.

5